**Ernest Manfred DAVENPORT,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 69-17.**

United States District Court
C. D. California.

July 21, 1969.

Ernest Manfred Davenport, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division; Ronald S. Morrow, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

HAUK, District Judge.

Petitioner is a Federal prisoner who here seeks to have his judgment of conviction for bank robbery vacated and set aside upon the following grounds: (1) that his plea of guilty was the result of duress and coercion; (2) that there are

---

"indicators that petitioner was not mentally competent" at the time of the plea of guilty; (3) that the representation by and assistance of his counsel was constitutionally inadequate.

This is petitioner's second application to this Court for relief; therefore we will not set forth the relevant facts but will proceed to rule on the merits of petitioner's contentions.

■ Petitioner's first contention was first presented to this Court in an earlier motion to vacate and set aside sentence which was denied on October 10, 1967 in 274 F.Supp. 944. This Court has considered the present motion and has reviewed the points made and the authorities cited therein. Under 28 U.S.C. § 2255 "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Moreover, Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) establishes that petitioner has the burden of showing that the ends of justice would be served by a redetermination of this issue. After a thorough review of trial notes, transcripts, files and records of this case, this Court is satisfied that petitioner has not sustained that burden, and is also satisfied that his plea of guilty was freely and voluntarily given.

■ Petitioner's second contention, that there are "indicators that he was not mentally competent" when making the aforementioned plea, is vague, conclusory and not supported by the files and records of this case. The transcripts reveal that the conversation which petitioner had with this Court was intelligent and showed a genuine remorse over petitioner's involvement in the crime. This contention of incompetency, which is now being raised for the first time—almost two and one-half years after petitioner pleaded guilty—is not entitled to any credence, has no factual support, and certainly cannot entitle petitioner to an evidentiary hearing.

■ Petitioner's third contention, that he was denied effective assistance of counsel, also is without factual support. That this contention is without merit is made apparent by the following reasoning of Mitchell v. United States, 104 U.S. App.D.C. 57, 259 F.2d 787, 793–794 (1958):

"A convicted person cannot bring about a judicial hearing upon and determination of the trial competence of defense counsel by making allegations which, either on their face or after initial testing for verity, fail to indicate a lack of skill so great that the accused in realistic fact had not a fair trial."

This Court is convinced that petitioner was adequately represented at all stages of the proceedings against him.

Moreover, this Court finds that the motion, files and records of this case conclusively show (1) that petitioner is not entitled to any relief, and (2) that he is not entitled to an evidentiary hearing.

Therefore, it is hereby ordered that petitioner's motion to vacate and set aside sentence pursuant to 28 U.S.C. § 2255 be, and the same is, denied.